UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTIAN WELLISCH,<br><br>    Plaintiff,<br><br>    v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, et al.,<br><br>    Defendants. | Case No. 17-cv-00213-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Re: ECF 16] |

Plaintiff Christian Wellisch[1] brings this suit, which was originally filed in state court, against Defendants Pennsylvania Higher Education Assistance Agency ("PHEAA") and James L. Preston (collectively, "Defendants"), claiming that Defendants failed to comply with the California Military and Veterans Code ("CMVC") and the Federal Servicemembers Civil Relief Act ("SCRA"). *See generally* Ex. B to Notice of Removal ("Compl."), ECF 1-2. Captain Wellisch's claims arise out of issues related to PHEAA's servicing of his student loans while he was on active duty as a commissioned officer in the California Army National Guard ("CAARNG"). *Id.* ¶¶ 8–9, 11.

Presently before the Court is Plaintiff's motion to sever his state law claims and remand them to state court or, alternatively, remand the action in its entirety. *See generally* Mot., ECF 16. The Court heard argument on this motion on March 16, 2017. For the reasons stated herein and on the record, the Court DENIES Plaintiff's motion.

I. **LEGAL STANDARD**

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal

---

[1] Plaintiff is a Captain in the California Army National Guard. Compl. ¶ 9. Accordingly, the Court refers to him as Captain Wellisch or Plaintiff throughout this order.

statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. *See id.* §§ 1441(a), (b).

The removal statutes are construed restrictively to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

## II.  DISCUSSION

Despite the presence of a federal question—Plaintiff's claim under the SCRA—Captain Wellisch contends that this action, or at least the state law claims, should be remanded. Plaintiff asserts three grounds for remand: First, Defendants improperly removed a separate, non-removable proceeding. Mot. 2. Second, through removal, Defendants wrongly seek to avoid the ramifications of their failure to timely file responsive pleadings. *Id.* Third, the removal was improper because Defendants failed to comply with statutory requirements. *Id.* Defendants oppose remand. Opp'n, ECF 28.

Approximately one week after filing his multi-claim complaint in state court, including a claim under CMVC section 409.3, Captain Wellisch filed a Petition for Relief from Financial Obligation During Military Service pursuant to CMVC section 409.3. Ex. D to Notice of Removal ("MIL 010 Petition"), ECF 1-4. This document was filed and associated with Plaintiff's civil case that was pending in state court. *Id.*

Plaintiff first argues that because the MIL 010 Petition is an independent proceeding with particular procedural requirements that could not have been filed in this Court originally, it is not removable. Mot. 3–4. Defendants, however, contend that the MIL 010 Petition is not a separate

proceeding, and is instead a part of his civil case.  Opp'n 3.

>Pursuant to CMVC section 409.3(a),
>> [a] service member may, at any time during his or her most current period of military service or within six months thereafter, petition a court for relief in respect of any obligation or liability incurred by the service member before the effective date of the orders for his or her most current period of military service or in respect of any tax assessment whether falling due before or during his or her most current period of military service.

Cal. Mil. & Vet. Code § 409.3(a).  This section allows a service member to file a petition for relief separate and apart from any civil action or as a part of an underlying lawsuit.  *See generally id.*  The MIL 010 Petition is a California Judicial Council form specific to claims brought under CMVC section 409.3.  The form includes instructions for the petitioner and provides notice to the defendant(s) as required under CMVC section 409.3, *i.e.*, that a hearing is to be held within 25 days of filing the petition and that the respondent has until five days before that hearing in which to file and serve any opposition.  Cal. Mil & Vet. Code § 409.3(b).  Here, the state court clerk set a hearing for January 20, 2017.  *See* MIL 010 Petition.

As previously described, Captain Wellisch filed a complaint in state court alleging that Defendants' conduct violated the CMVC and SCRA, as well as claims for unfair business practices under California's Business and Professions Code § 17200 and fraudulent concealment.  *See generally* Compl.  Thereafter, Plaintiff filed the MIL 010 Petition in the underlying state action.  *See* MIL 010 Petition.  Although Captain Wellisch presumably could have filed the MIL 010 Petition separate from his underlying state action, he did not.  Now, Plaintiff seeks to sever and remove his claim under CMVC section 409.3, arguing that it is separate from the underlying civil action.  While Captain Wellisch correctly recounts the special procedures set forth in CMVC section 409.3, he provides no authority to support his assertion that it is to be construed as a proceeding separate and apart from the underlying civil action when it is filed in the underlying civil action.  Indeed, the Monterey County Superior Court filed the MIL 010 Petition as part of his civil case.  Opp'n 3.  Accordingly, the Court does not agree that the procedure set forth in CMVC section 409.3 creates an independent proceeding that should be severed from the underlying action.

3

1  Perhaps recognizing this, Plaintiff argues that because removal of the MIL 010 Petition
2  would "nullify" the specific procedures set forth in the CMVC, "removal strikes at the heart of the
3  sovereign dignity of the State." Mot. 5. Captain Wellisch's reliance on *People v. Cordova*, 248
4  Cal. App. 4th 543 (2016), however, is misplaced. There, the court considered whether it could
5  add to or ignore particular language in a statute, ultimately determining that it could not. *See*
6  *generally id.* The excerpt on which Plaintiff relies relates specifically to that substantive issue.
7  Here, by contrast, the issue is purely procedural, and thus, Plaintiff's argument is unpersuasive.

8  Although the Court recognizes that proceeding in this Court may "unduly burden" Captain
9  Wellisch because he can longer reap the procedural benefits of CMVC section 409.3, the Court
10 cannot provide relief on that ground alone. *See* Mot. 6–7. Although the Court has the discretion
11 to decline supplemental jurisdiction in certain circumstances, burden to the Plaintiff is not a reason
12 to do so. *See* 28 U.S.C. § 1367(c)(1)–(4).

13 Second, Captain Wellisch contends that removal was improper because it was untimely.
14 Mot. 6. However, as Defendants correctly state, they timely removed the action within the 30-day
15 time period required by 28 U.S.C. § 1446(b). Notice of Removal ¶ 8, ECF 1 (filed Jan. 17, 2017;
16 Compl. (filed Dec. 28, 2016). Plaintiff cites no authority to support the claim that removal was
17 untimely because it was allegedly filed after the deadline for Defendants to file and serve a
18 response to the CMVC section 409.3 petition. *See* Mot. 6. Indeed, pursuant to statute, the time
19 for removal is within 30 days after receipt of the first pleading in the state action that sets forth a
20 removable claim. 28 U.S.C. § 1446(b)(1). Here, the first pleading that set forth a removable
21 claim was the complaint, and thus, removal was timely so long as it was filed on or before January
22 27, 2017.

23 Finally, Plaintiff argues that PHEAA is barred from taking any litigation action, thus it
24 cannot properly remove nor join in the removal of this action. Mot. 7. Specifically, Captain
25 Wellisch claims that because PHEAA's corporate registration in California is suspended, it cannot
26 file a notice of removal in this Court. *Id.*; *see also* Cal. Corp. Code § 2203(c) (barring a
27 corporation that conducts intrastate business without registering with the Secretary of State from
28 maintaining "any action or proceeding upon any intrastate business so transacted" in any court in

4

1  California).  Defendants contend, however, that even if PHEAA were considered a foreign
2  corporation, it need not register with the California Secretary of State because its business consists
3  exclusively of interstate commerce.  Opp'n 6–7.  PHEAA also argues that because it is a
4  government agency of the Commonwealth of Pennsylvania, the filing requirement under the
5  California Corporations Code is inapplicable.[2]  *Id.* at 7.  The Court agrees with Defendants.

6  To succeed on his claim under Cal. Corp. Code § 2203, Plaintiff bears the burden of
7  proving that "the action arises out of the transaction of intrastate business by a foreign
8  corporation."  *United Sys. of Ark. v. Stamison*, 63 Cal. App. 4th 1001, 1007 (1998).  Plaintiff has
9  not satisfied his burden—PHEAA claims that it conducts its student loan business out of
10  Pennsylvania, and thus, any contact with California borrowers falls exclusively in *interstate*
11  commerce.  Opp'n 6–7.  Captain Wellisch does not contest this assertion, but does emphasize that
12  PHEAA was previously registered in this state, and thus it is barred from taking any litigation
13  action.  Mot. 7.  At the hearing, however, PHEAA explained that it used to conduct business from
14  California and have employees in California, and thus registered with the Secretary of State.
15  Because it no longer conducts business from California and no longer has any employees in the
16  state, PHEAA allowed its registration to lapse.  The Court finds this argument compelling.  Thus,
17  for the aforementioned reasons, the Court concludes that PHEAA is not barred from litigating this
18  case.

19  For the foregoing reasons, the Court concludes that it has subject matter jurisdiction over
20  this action based on the federal claim asserted under the SCRA and DENIES Plaintiff's motion to
21  remand this action or any portion thereof.

22  **IT IS SO ORDERED.**

23  Dated: March 21, 2017

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] Because the Court agrees that PHEAA's business consists entirely of interstate commerce, and thus need not register with the California Secretary of State, it decline to address PHEAA's second argument that PHEAA is not a "person" or a "corporation" to which the statute would apply.  *See* Opp'n 7.