# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CHRISTIAN WELLISCH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00213-BLF<br><br>**ORDER (1) GRANTING MOTION FOR RECONSIDERATION, (2) SEVERING AND REMANDING MIL 010 PETITION, AND (3) STAYING CLAIM UNDER CAL. MIL. & VET. CODE § 409.3**<br><br>[Re: ECF 34] |

This case arises out of Defendants' Pennsylvania Higher Education Assistance Agency ("PHEAA") and James L. Preston (collectively, "Defendants") alleged failure to comply with the California Military and Veterans Code ("CMVC") and the Federal Servicemembers Civil Relief Act ("SCRA"). *See generally* Ex. B to Notice of Removal ("Compl."), ECF 1-2. Plaintiff Christian Wellisch's[1] claims arise out of issues related to PHEAA's servicing of his student loans while he was on active duty as a commissioned officer in the California Army National Guard ("CAARNG"). *Id.* ¶¶ 8–9, 11.

On March 21, 2017, the Court denied Captain Wellisch's motion to remand (the "Order"). ECF 31. Thereafter, on March 29, 2017, Captain Wellisch filed a motion for leave to file a motion for reconsideration of the Court's Order. Mot., ECF 34. Plaintiff states that ground for reconsideration pertain to the finding in the Order that his MIL 010 Petition was filed one week after his underlying complaint. *Id.* at 1–2. Because the MIL 010 Petition was filed simultaneously with the complaint, Captain Wellisch argues that this finding demonstrates a manifest failure by the Court to consider material facts. *Id.* at 1.

---

[1] Plaintiff is a Captain in the California Army National Guard. Compl. ¶ 9. Accordingly, the Court refers to him as Captain Wellisch or Plaintiff throughout this order.

The Court granted leave, and briefing on this issue was completed on April 20, 2017. Pursuant to Civ. L.R. 7-1(b), the Court finds Plaintiff's motion for reconsideration suitable for submission without oral argument and makes the following determination on the papers.

**I.     BACKGROUND**

Plaintiff filed the operative complaint against Defendants in state court on December 28, 2016. *See generally* Compl. Captain Wellisch asserts two claims for relief under the California Military and Veterans Code (Cal. Mil. & Vet. Code §§ 403, 409.3); a claim for unfair business practices, pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*; a claim under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*; and a claim for suppression of fact, pursuant to Cal. Civ. Code § 1710(3). *See generally id.* On that same day, Captain Wellisch also filed a Petition for Relief from Financial Obligation During Military Service pursuant to CMVC section 409.3. Ex. D to Notice of Removal ("MIL 010 Petition"), ECF 1-4. The state court filed and associated this document with Plaintiff's civil case—that is, both were given the same case number. *Id.*

Defendants removed the action, which, according to the state court, included the MIL 010 Petition, to this Court. *See* Notice of Removal, ECF 1. Captain Wellisch filed a motion seeking to sever his state law claims and remand them to state court or, alternatively, remand the action in its entirety. *See* ECF 16. The Court denied Plaintiff's motion after finding that the MIL 010 Petition was filed as a motion in his civil complaint, and holding that removal was proper because the Court had subject matter jurisdiction over Captain Wellisch's claim under federal law. *See generally* Order.

The issue on this motion for reconsideration is whether Captain Wellisch's MIL 010 Petition, filed pursuant to CMVC § 409.3 is a separate proceeding from a simultaneously filed civil action that also asserts a claim under Cal. Mil. & Vet. Code § 409.3.

**II.    LEGAL STANDARD**

Under Civil Local Rule 7-9(b), a party may seek reconsideration in three circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law

2

|   |   |
|---|---|
| 1 | at the time of the interlocutory order; or |
| 2 | (2) The emergence of new material facts or a change of law occurring after the time of such order; or |
| 3 4 | (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. |

Reconsideration is an "extraordinary remedy, to be used sparingly[.]" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### III. DISCUSSION

Plaintiff argues that the Court committed manifest error by finding that he filed his MIL 010 Petition as a part of his underlying civil complaint. Mot. 2. In particular, Captain Wellisch contends that the Court's decision is explicitly conditioned on the incorrect factual assertion that the petition was filed approximately one week after filing of the complaint. *Id.* Defendants assert that this mistake is immaterial because the timing of the filing makes no difference to the propriety of removal or the denial of remand. Opp'n 1, ECF 38.

The Court acknowledges that it mistakenly found that Captain Wellisch filed his MIL 010 Petition after he filed his civil complaint and as a part of that action. Notwithstanding this error, the Court finds that Captain Wellisch's civil action was properly removed because he asserts a claim under federal law. *See* 28 U.S.C. § 1441. However, the same is not true of Captain Wellisch's MIL 010 Petition.

As the Court noted in its prior order, Captain Wellisch could have filed the MIL 010 Petition separate from his underlying state action. Order 3. The Court now finds that Plaintiff intended to and did file the MIL 010 Petition separate from his underlying state action. That the state court clerk assigned both the same case number is irrelevant—the substantive content and the intent of the filer are determinative. *See* Reply ISO Mot. 2, ECF 39 (citing *D'Avola v. Anderson*, 47 Cal. App. 4th 358, 362 (1996)).

Finding that Plaintiff intended to file the MIL 010 Petition as a separate action, the Court is cognizant that its prior decision deprives him of the special procedural rules set forth in CMVC section 409.3(b), *i.e.*, that a hearing is to be held within 25 days of filing the petition and that the respondent has until five days before that hearing in which to file and serve any opposition,

3

whereas a claim asserted in a civil complaint is governed by the California Code of Civil Procedure. Cal. Mil & Vet. Code § 409.3(b). Accordingly, the Court GRANTS Captain Wellisch's motion for reconsideration and SEVERS the MIL 010 Petition and REMANDS it to the Monterey County Superior Court.

Additionally, because the MIL 010 Petition and Plaintiff's civil complaint seek to remedy the same alleged harm pursuant to section 409.3 of the CMVC, the Court STAYS his section 409.3 claim in this action pending the outcome of the proceeding in state court. Captain Wellisch is hereby ORDERED to notify this court of the outcome of that proceeding within 7 days of a decision.

The Clerk is directed to sever Captain Wellisch's MIL 010 Petition from this action and remand it to the Monterey County Superior Court.

**IT IS SO ORDERED.**

Dated: April 24, 2017

BETH LABSON FREEMAN
United States District Judge