# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CHRISTIAN WELLISCH,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, et al.,<br><br>Defendants. | Case No. 17-cv-00213-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 9, 10] |

Plaintiff Christian Wellisch brings this suit, which was originally filed in state court, against Defendants Pennsylvania Higher Education Assistance Agency ("PHEAA") and James L. Preston (collectively, "Defendants"), claiming that Defendants failed to comply with the California Military and Veterans Code ("CMVC") and the Federal Servicemembers Civil Relief Act ("SCRA"). *See generally* Ex. B to Notice of Removal ("Compl."), ECF 1-2. Captain Wellisch's claims arise out of issues related to PHEAA's servicing of his student loans while he was on active duty as a commissioned officer in the California Army National Guard ("CAARNG"). *Id.* ¶¶ 8–9, 11.

Presently before the Court is Defendants' motions to dismiss all of the claims against them. *See generally* PHEAA Mot., ECF 9; Preston Mot., ECF 10. Pursuant to Civ. L.R. 7-1(b), the Court finds Defendants' motions suitable for submission without oral argument and hereby VACATES the hearing scheduled for June 8, 2017. For the reasons stated herein, the Court GRANTS Defendants' motion to dismiss WITH LEAVE TO AMEND.

## I. BACKGROUND

Wellisch is a Captain in the California Army National Guard, and was called up to active duty overseas on two occasions between 2015 and 2016, the first from February to September of

2015, and the second from February to October 2016. Compl. ¶¶ 9, 10. During this time, Wellisch lost his eligibility for Income-Based Repayment ("IBR") of his student loans. *Id.* ¶¶ 8, 11–15, 17. IBR is an income-driven repayment ("IDR") plan for federal student loans provided for in the College Cost Reduction and Access Act, pursuant to which monthly payments are calculated based on the borrower's annual income. *See* 34 C.F.R. § 682.215; Compl. ¶ 8. Eligibility for IBR requires the existence of partial financial hardship, as defined in 34 C.F.R. § 682.215(a)(4). Partial financial hardship must be certified annually. 34 C.F.R. § 682.215(e). A qualifying person obtains substantial reduction in monthly repayment obligations.

Wellisch's student loans were disbursed between August 2010 and September 2012, before he was called to active duty service. Compl. ¶ 8. PHEAA is Plaintiff's loan servicer, and Preston is the President and Chief Executive Officer ("CEO") of PHEAA. *Id.* ¶¶ 4, 5. Wellisch alleges that despite concerted efforts to ensure continuation of his IBR payment plan without interruption, PHEAA determined that Wellisch no longer had a partial financial hardship, rendering him ineligible for the IBR plan. *Id.* ¶17. This determination triggered capitalization of interest on his loans and resulted in increased monthly payment amounts. *Id.*

Wellisch filed this action in Monterey County Superior Court on December 28, 2016, alleging that Defendants failed to comply with the CMVC and SCRA. *See generally* Compl. Defendants subsequently removed the action to this Court. ECF 1. Wellisch seeks relief from fine or penalty, pursuant to CMVC § 403 and relief from pre-service liability, pursuant to CMVC § 409, and brings claims for unfair business practices under Cal. Bus. & Prof. Code § 17200 *et seq.*, the SCRA, and suppression of fact under Cal. Civ. Code § 1710(3). *See generally id.* On April 24, 2017, the Court remanded Plaintiff's MIL 010 Petition to the Monterey County Superior Court and stayed his claim under CMVC § 409.3 pending the result of his equivalent claim in the state court proceeding.[1] ECF 40. Defendants now move to dismiss Plaintiff's claims.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

---

[1] Because Wellisch's claim under CMVC § 409.3 is stayed, the Court does not address it in this order.

2

1  claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  DISCUSSION

####   A.  PHEAA's Motion to Dismiss

PHEAA contends that Wellisch's motion relies on statutory requirements that do not exist or do not apply, and thus, he fails to state a claim for relief pursuant to Rule 12(b)(6). *See generally* PHEAA Mot. Captain Wellisch opposes PHEAA's motion. *See* Opp'n to PHEAA Mot., ECF 12.

As a preliminary matter, the Court first addresses an issue raised in Wellisch's opposition to Preston's motion to dismiss that was also raised in his prior motion to remand: whether PHEAA may litigate this matter. Opp'n to Preston Mot. 3. Specifically, Captain Wellisch claims that PHEAA was and continues to be legally barred from taking any litigation action as a suspended corporation. *Id.* The Court rejected this argument in its initial order denying Plaintiff's motion to remand, and does so here for the same reasons previously enunciated. *See* ECF 40. Finding that PHEAA can properly litigate this action, the Court next addresses the adequacy of Plaintiff's allegations under the SCRA, which provides the basis for this Court's jurisdiction.

#####     i.  The Servicemembers Civil Relief Act

3

Captain Wellisch alleges that Defendants' failure to provide him with any means by which his requests to invoke a stay of the decision finding him ineligible for IBR violated the SCRA. Compl. ¶¶ 42–43. He further alleges that the increase in his monthly payment amounts and capitalized interest constitute penalties incurred during military service, and his ability to perform was materially affected by such military service, and thus asks the Court to waive all payments and capitalized interest above the otherwise applicable IBR plan payment amounts pursuant to section 3933 of the SCRA. *Id.* ¶ 44.

The Servicemembers Civil Relief Act was passed "to enable [servicemembers] to devote their entire energy to the defense needs of the Nation." 50 U.S.C. § 3902(1). It accomplishes this purpose by imposing limitations on judicial proceedings that could take place while a member of the armed forces is on active duty, including insurance, taxation, loans, contract enforcement, and other civil actions. *Id.* § 3901 *et seq.* These limitations are "always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 575 (1943) (granting a stay in state trustee proceedings); *see also Le Maistre v. Leffers*, 333 U.S. 1, 6 (1948) (overturning a state tax sale by giving a broad construction to the SCRA in light of its "beneficent purpose" and noting that "the Act must be read with an eye friendly to those who dropped their affairs to answer their country's call"); *Brewster v. Sun Trust Mortg., Inc.*, 742 F.3d 876, 878 (9th Cir. 2014).

Captain Wellisch invokes two parts of the statute in this case, sections 3932 and 3933. Compl. ¶¶ 40, 44. Section 3932 allows a service member on military duty to move to stay any judicial or administrative proceeding initiated against him or to move to stay the execution of any judgment entered against him. 50 U.S.C. § 3932(a)–(b). Section 3932 applies "to any civil action or proceeding . . . in which the plaintiff or defendant at the time of filing an application under this section (1) is in military service or is within 90 days after termination of or release from military service; and (2) has received notice of the action or proceeding." *Id.* § 3932(a). Section 3933 provides that when an action is stayed pursuant to section 3932, "a penalty shall not accrue for failure to comply with the terms of the contract during the period of the stay." *Id.* § 3933(a).

PHEAA argues that neither section applies because its servicing of Wellisch's loans does

4

not constitute a "civil action or proceeding," and therefore Wellisch cannot state a claim under the SCRA. PHEAA Mot. 8–9. Captain Wellisch contends, however, that PHEAA's reading of the SCRA is erroneous because the SCRA applies to "any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to [the SCRA]," and PHEAA is an administrative agency. Opp'n to PHEAA Mot. 4 (citing and quoting 50 U.S.C. § 3912(b)). Wellisch thus contends that PHEAA's conduct, which he alleges made it impossible to maintain his IBR plan, gives rise to a claim under the SCRA because it failed in its obligation as an agency to commence, or at least make available, some form of administrative proceedings or other means for service members to realize the statutory protections under the SCRA. *Id.* at 5.

While the Court agrees that PHEAA is subject to the SCRA, Wellisch has failed to state a claim for relief based on the facts alleged. As Wellisch correctly points out, section 3912 of the SCRA provides, "[t]his chapter applies to any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to this chapter." Opp'n to PHEAA Mot. 4 (quoting 50 U.S.C. § 3912). Moreover, section 3911 defines "court" as "a court or any administrative agency of the United States or of any State (including any political subdivision of a State)[.]" 50 U.S.C. § 3911(5). What PHEAA fails to acknowledge is that "it is a statutorily created instrumentality of the Commonwealth of Pennsylvania." PHEAA Reply 5, ECF 21. As such, PHEAA plainly falls under section 3911's definition of a "court."

The crux of Wellisch's claim is that PHEAA violated the SCRA by failing to make available any means by which he could exercise his right to a stay. Compl. ¶¶ 41–43. However, Wellisch fails to acknowledge that a stay is required only if the servicemember requests one. 50 U.S.C. § 3932(b)(1)–(2). And, Wellisch does not allege that he informed PHEAA of his intention to exercise this right or that such an act would be futile. Moreover, Wellisch does not cite any authority to support his contention that PHEAA is required to create an entirely separate procedure by which servicemembers can alert it of their intention to move for a stay. For these reasons, the Court finds that Captain Wellisch has not stated a claim under the SCRA and GRANTS PHEAA's motion to dismiss WITH LEAVE TO AMEND.

### ii. State Law Claims

Captain Wellisch also brings the following claims under state law: relief from fine or penalty, pursuant to CMVC § 403; relief from pre-service liability, pursuant to CMVC § 409; unfair business practices under Cal. Bus. & Prof. Code § 17200 *et seq.*; and suppression of fact under Cal. Civ. Code § 1710(3). The Court does not address Wellisch's claim pursuant to CMVC § 409 because it is stayed.

PHEAA argues that Wellisch does not state a claim under CMVC § 403 because he does not allege that he incurred a "fine or penalty" for "nonperformance." PHEAA Mot. 3. As to the former, PHEAA contends that Plaintiff's loss of qualification for the IBR program does not constitute a "fine or penalty." *Id.* As to the latter, PHEAA argues that the Complaint does not allege that Plaintiff's failure to provide PHEAA with the documentation necessary to maintain his qualification in the IBR program constitutes "nonperformance" of his student loan obligations. *Id.* In reply, Captain Wellisch does not address PHEAA's argument regarding his failure to plead that any alleged penalty was imposed due to his nonperformance of his loan obligations. Nevertheless, Wellisch counters PHEAA's argument that the increased payments do not constitute a penalty by contending that "the additional $20,000+ in student loan payments . . . [were not] voluntary donations." Opp'n to PHEAA Mot. 3. This, however, is not the proper comparison. Further, Plaintiff cites no authority to support his argument that any nonvoluntary payments constitute a fine or penalty. For this reason, the Court finds that Captain Wellisch has failed to sufficiently allege that he incurred a "fine or penalty" for "nonperformance," and therefore GRANTS PHEAA's motion to dismiss on this ground.

Moreover, as PHEAA correctly asserts, the Court finds Wellisch's claim for suppression of fact inadequately plead under Rule 9(b), and therefore GRANTS PHEAA's motion to dismiss this claim.

For the reasons articulated above, the Court also GRANTS PHEAA's motion to dismiss Wellisch's claim under the UCL.

### B. James Preston's Motion to Dismiss

Preston argues that the Complaint is inadequate as to him because it fails to allege why he is personally liable for alleged acts relating to the servicing of Wellisch's student loans. *See*

*generally* Preston Mot. Specifically, Preston contends that the Complaint's only reference to Preston appears in paragraph 5, in which Wellisch alleges that Preston is PHEAA's President and CEO. *Id.* at 1. Wellisch opposes Preston's motion, but does not dispute Preston's contentions. *See* Opp'n to Preston Mot. 2, ECF 13. Nevertheless, Wellisch argues that he has alleged that "each defendant was the agent of every other Defendant acting within the scope of agency and with the consent of each defendant." *Id.*; Compl. ¶ 7. Because the Court's prior analysis with respect to Wellisch's claims against PHEAA applies equally to his claims against Preston, the Court also GRANTS Preston's motion to dismiss WITH LEAVE TO AMEND.[2] Moreover, in any amended complaint, Plaintiff must set forth facts regarding Preston's alleged conduct.

## IV. ORDER

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss WITH LEAVE TO AMEND. Any amended pleading shall be filed **on or before July 14, 2017**. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this order will result in a dismissal of Plaintiff's claims with prejudice.

**IT IS SO ORDERED.**

Dated: June 2, 2017

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] Because it appears that the parties are in agreement that Preston's presence as a defendant may not be necessary or desirable to either party, the Court urges the parties to meet and confer to determine whether Preston should remain a defendant in this action. *See generally* Preston Mot.; Opp'n to Preston Mot. 2 ("[I]t may be possible to dismiss claims against Defendant Preston[.]").