# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CHRISTIAN WELLISCH,<br>Plaintiff,<br>v.<br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, et al.,<br>Defendants. | Case No. 17-cv-00213-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND SUA SPONTE AMENDMENT OF ORDER ON MOTIONS TO DISMISS**<br><br>[Re: ECF 46] |

Presently before the Court is Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA")'s motion for leave to file a motion for reconsideration. Mot., ECF 46. The instant motion pertains to this Court's Order Granting Defendants' Motions to Dismiss with Leave to Amend ("Order"). ECF 43. Having carefully reviewed PHEAA's motion and Plaintiff's opposition, the Court DENIES Defendant's motion because it has determined *sua sponte* that amendment of the order, rather than reconsideration, is appropriate under these circumstances.

As the parties are aware, the Court found that Plaintiff, Captain Wellisch, failed to state a claim upon which relief could be granted. In analyzing Wellisch's claim under the Federal Servicemembers Civil Relief Act ("SCRA"), the Court wrote that PHEAA is subject to the SCRA, as it "plainly falls under section 3911's definition of a 'court'," and suggested that PHEAA's student loan servicing activities might constitute a "civil action or proceeding" under section 3932 of the SCRA. Order 5. PHEAA, through its motion for leave to file a motion for reconsideration, asks the Court to reconsider this suggestion in light of a recent decision in *Heejoon Chung v. U.S. Bank, NA*, No. 16-0017, 2017 WL 1395605 (D. Haw. Apr. 17, 2017).

As a preliminary matter, the Court notes that it does not find the decision in *Heejoon Chung* relevant because there, the court found only that the SCRA does not cover non-judicial

foreclosures. 2017 WL 1395605, at *9. At issue here, by contrast, is PHEAA's servicing of Wellisch's student loans. For this reason, *Heejoon Chung* tells this court nothing about whether PHEAA's conduct constitutes a "civil action or proceeding."

Upon review of PHEAA's motion, the Court recognized that its order swept too broad, as the Court did not intend to suggest that all of PHEAA's student loan servicing activity constituted a "civil action or proceeding." For this reason, the Court issued an order with its proposed amendment, and afforded Plaintiff an opportunity to respond. ECF 49. The Court proposed the following amendment to page 5, lines 10–18 of the Order:

> As Wellisch correctly points out, section 3912 of the SCRA provides, "[t]his chapter applies to any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to this chapter." Opp'n to PHEAA Mot. 4 (quoting 50 U.S.C. § 3912). Moreover, section 3911 defines "court" as "a court or any administrative agency of the United States or of any State (including any political subdivision of a State)[.]" 50 U.S.C. § 3911(5). While the Court agrees that PHEAA could be subject to the SCRA, as "a statutorily created instrumentality of the Commonwealth of Pennsylvania," PHEAA Reply 5, ECF 21, Wellisch has failed to allege facts showing that PHEAA initiated, at any point, a "judicial or administrative proceeding" while servicing Wellisch's loans. Wellisch merely alleges that "[t]he SCRA applies to defendant PHEAA, whether PHEAA is deemed an administrative agency or political subdivision of the Commonwealth of Pennsylvania." Compl. ¶ 39. Thus, without deciding whether PHEAA is acting as a court or agency when it performs its function as a loan servicer, the Court finds that Wellisch has failed to allege facts supporting that PHEAA was acting in such a capacity. Accordingly, Wellisch has failed to state a claim under the SCRA.

Wellisch filed an opposition to this proposed amendment. ECF 50. In his opposition, Wellish notes, as does the Court, that the Court did not state, "that the business of student loan servicing, in its entirety, is an administrative proceeding," and that *Heejoon Chung* is inapposite. *Id.* at 1–2. Wellisch also contends that the Court's proposed amendment goes against Ninth Circuit precedent finding that the SCRA is intended to be liberally construed. *Id.* at 2–3. The Court agrees with this assertion as well, but does not believe that the proposed amendment suggests a narrow interpretation of the SCRA. Rather, the Court merely finds that Captain Wellisch must allege facts sufficient to support his allegation that PHEAA was acting as a court or agency when it denied his IBR request. Finding Wellisch's opposition unavailing, the Court will

2

issue the aforementioned amendment in a separate order.

Based on the foregoing, the Court has *sua sponte* addressed the substantive issue raised by PHEAA in its motion for reconsideration, and on that basis, DENIES leave to file a motion for reconsideration.

The Court's previous order allowing Plaintiff to file an amended complaint on or before July 14, 2017, remains the Order of the Court.

**IT IS SO ORDERED.**

Dated: June 21, 2017

_____
BETH LABSON FREEMAN
United States District Judge