UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTIAN WELLISCH,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, et al.,<br><br>Defendants. | Case No. 17-cv-00213-BLF<br><br>**ORDER GRANTING IN PART WITHOUT LEAVE TO AMEND DEFENDANT PHEAA'S MOTION TO DISMISS; GRANTING WITHOUT LEAVE TO AMEND DEFENDANT PRESTON'S MOTION TO DISMISS; REMANDING REMAINING STATE LAW CLAIMS AGAINST PHEAA TO STATE COURT**<br><br>[Re: ECF 68, 70] |

This case involves Captain Christian Wellisch's ("Captain Wellisch") claims related to Pennsylvania Higher Education Assistance Agency's ("PHEAA") servicing of Captain Wellisch's student loans while he was on active duty as a commissioned officer in the California Army National Guard. *See* First Amended Complaint ("FAC") ¶¶ 10-12, ECF 58. Before the Court are two motions to dismiss the FAC filed by each of the Defendants in this case: PHEAA and its President and Chief Executive Officer, James L. Preston ("Preston") (collectively "Defendants"). *See generally* PHEAA Mot., ECF 68; Preston Mot., ECF 70.

Although this case has been stayed under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901 *et. seq.*, the Court made clear in its January 30, 2018 Order that the 90-day stay expired on its own on April 30, 2018. ECF 74 at 2. The Court directed Captain Wellisch, who

had requested and been granted several extensions of the stay, to request to extend the stay at least ten (10) days before April 30, 2018. *Id.* Captain Wellisch did not request to extend the stay, and he did not timely file an opposition to Defendants' motions to dismiss.

Pursuant to Civ. L.R. 7-1(b), the Court finds Defendants' motions suitable for submission without oral argument and hereby VACATES the hearing scheduled for June 7, 2018. For the reasons stated herein, PHEAA's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Captain Wellisch's federal claims for violations of the SCRA and declaratory relief. Preston's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND. Moreover, in the exercise of its discretion, the Court DECLINES to retain supplemental jurisdiction over the remaining state law claims asserted against PHEAA and REMANDS this case to the Monterey County Superior Court.

## I. BACKGROUND

The facts of this case are familiar to the parties and the Court and are set forth in this Court's Prior Order Granting Defendants' Motions to Dismiss. ECF 52 ("Prior Order"). Plaintiff is a Captain in the California Army National Guard, and was called up to active duty several times, including serving overseas on two occasions in (1) February to September of 2015; and (2) February to October 2016. FAC ¶ 11. Captain Wellisch alleges that "Defendants" are servicers for 11 separate student loans obtained by Captain Wellisch prior to his military service, disbursed on various dates from August 2010 to September 2012. *Id.* ¶ 12.[1]

While he was on active duty overseas, Captain Wellisch lost his eligibility for Income-Based Repayment ("IBR") of his student loans. FAC ¶¶ 20-22, 24. The College Cost Reduction and Access Act established various programs such as Income-Driven Repayment ("IDR"), which is a group of repayment plans that includes IBR. 34 C.F.R. § 682.215; FAC ¶ 17. Captain Wellisch alleges that he attempted to recertify his eligibility for reduced payments in a timely manner, including requesting guidance from PHEAA and a stay in determination of his eligibility for the IBR plan. FAC ¶ 20. PHEAA did not provide a stay and determined that Captain Wellisch

---

[1] Preston is the President and CEO of PHEAA, the loan servicer. FAC ¶ 7. As discussed below, Captain Wellisch has failed to allege a cognizable claim against Preston in his individual capacity.

2

was no longer eligible for the IBR plan. *Id.* ¶¶ 20-24, 37. This determination triggered capitalization of interest on his loans and resulted in increased monthly payment amounts. *Id.*

Captain Wellisch filed this action in Monterey County Superior Court on December 28, 2016, alleging that Defendants failed to comply with the Federal Servicemembers Civil Relief Act ("SCRA") and the California Military and Veterans Code ("CMVC") and other state law claims. *See* ECF 1-2. Defendants removed the action to this Court on January 17, 2017 based on federal question jurisdiction in light of the SCRA claim. *See* ECF 1. Captain Wellisch moved to remand, which the Court denied in an order on March 21, 2017. ECF 31. Upon Captain Wellisch's motion for reconsideration, the Court severed and remanded Captain Wellisch's Petition for Relief from Financial Obligation During Military Service pursuant to CMVC section 409.3 ("MIL 010 Petition"). ECF 40. The Court stayed Captain Wellisch's CMVC 409.3 claim in his civil complaint pending the outcome of the petition in state court. *Id*. at 4.

Defendants each moved to dismiss the Complaint, which the Court granted with leave to amend. On June 21, 2017, the Court *sua sponte* amended its Order. *See* Prior Order.[2] Captain Wellisch filed the operative FAC on July 14, 2017, asserting claims against PHEAA for (1) declaratory relief; (2) relief pursuant to CMVC § 403; (3) relief pursuant to CMVC § 409.3; (4) unfair business practices pursuant to California Business & Professions Code § 17200; (5) violations of the SCRA; and (6) suppression of fact pursuant to California Civil Code § 1710(3). FAC ¶¶ 25-54. The only claim alleged against Preston is the SCRA claim. *Id.* ¶¶ 42-48.

On July 27, 2017, the Court stayed the case until January 15, 2018 at the request of Captain Wellisch. ECF 65. The Court extended the stay upon Captain Wellisch's request, until the stay expired on its own on April 30, 2018. ECF 74. The stay expired on that date automatically as provided in the Order. No request to extend was filed with the Court. While this action was stayed, the Monterey County Superior Court issued its ruling and order on Captain

---

[2] In relevant part, the Court amended its Order advising Captain Wellisch that in order to sustain his SCRA claim, he must allege facts sufficient to support his allegation that PHEAA was acting as a court or agency when it denied his IBR request. *See* ECF 51.

3

Wellisch's MIL 010 Petition under CMVC 409.3 on December 29, 2017. *See* PHEAA's Request for Judicial Notice ("RJN") Exh. A, ECF 69.[3] The Court now turns to Defendants' pending motions to dismiss.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. DISCUSSION

PHEAA moves to dismiss each of the six causes of action in the FAC for failure to state a claim upon which relief can be granted. *See generally* PHEAA Mot. Preston also moves to dismiss the FAC, although only one cause of action for violations of the SCRA is explicitly alleged against him. *See generally* Preston Mot. Although the Court provided Captain Wellisch

---

[3] PHEAA's request for judicial notice of the state court order on Captain Wellisch's petition is GRANTED. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

4

with a deadline to respond to the motions after the stay lifted (ECF 74), Captain Wellisch did not file any opposition.

For the reasons that follow, PHEAA's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Captain Wellisch's SCRA claim as well as his declaratory relief claim based thereon. Preston's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND. Having dismissed the federal claims that form the basis of federal subject matter jurisdiction in this Court, the Court exercises its discretion and DECLINES to retain supplemental jurisdiction over the state law claims asserted against PHEAA and REMANDS this case to Monterey County Superior Court.

### A. PHEAA's Motion to Dismiss

#### i. Servicemembers Civil Relief Act

Captain Wellisch renews his SCRA claim against PHEAA and Preston, alleging that he repeatedly sought the benefits of a stay pursuant to procedures outlined in 50 U.S.C. § 3932, but PHEAA did not provide any relief analogous to a stay. FAC ¶¶ 44-46. Captain Wellisch further alleges, without material difference from the original complaint, that the increased monthly payment amounts and capitalized interest constitute penalties incurred during military service, and his ability to perform was materially affected by such military service, and thus asks the Court to waive all payments and capitalized interest above the otherwise applicable IBR plan payment amounts pursuant to section 3933 of the SCRA. *Id.* ¶¶ 47-48. PHEAA moves to dismiss the SCRA claim for the same reasons the Court dismissed the claim in the original complaint—namely, that §§ 3932 and 3933 cannot apply to the facts alleged. *See* PHEAA Mot. at 12.

The SCRA was passed "to enable [servicemembers] to devote their entire energy to the defense needs of the Nation." 50 U.S.C. § 3902(1). It accomplishes this purpose by imposing limitations on judicial proceedings that could take place while a member of the armed forces is on active duty, including insurance, taxation, loans, contract enforcement, and other civil actions. *Id.* § 3901 *et seq.* These limitations are "always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 575 (1943) (granting a stay in state trustee proceedings); *see also Le Maistre v.*

*Leffers*, 333 U.S. 1, 6 (1948) (overturning a state tax sale by giving a broad construction to the SCRA in light of its "beneficent purpose" and noting that "the Act must be read with an eye friendly to those who dropped their affairs to answer their country's call"); *Brewster v. Sun Trust Mortg., Inc.*, 742 F.3d 876, 878 (9th Cir. 2014).

Section 3932 of the SCRA allows a service member on military duty to move to stay any judicial or administrative proceeding initiated against him or to move to stay the execution of any judgment entered against him. 50 U.S.C. § 3932(a)–(b). Section 3932 applies "to any civil action or proceeding . . . in which the plaintiff or defendant at the time of filing an application under this section (1) is in military service or is within 90 days after termination of or release from military service; and (2) has received notice of the action or proceeding." *Id.* § 3932(a). Section 3933 provides that when an action is stayed pursuant to section 3932, "a penalty shall not accrue for failure to comply with the terms of the contract during the period of the stay." *Id.* § 3933(a).

In relevant part, section 3912 of the SCRA provides, "[t]his chapter applies to any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to this chapter." 50 U.S.C. § 3912. The Court previously held that although PHEAA *could be* subject to the SCRA as "a statutorily created instrumentality of the Commonwealth of Pennsylvania," Captain Wellisch failed to allege facts showing that PHEAA initiated, at any point, a "judicial or administrative proceeding" while servicing Captain Wellisch's loans. *See* Prior Order at 5. Captain Wellisch has not materially amended these allegations in the FAC. His allegation that the definition of "court" in § 3911 includes administrative agencies and political subdivisions of a state, such as PHEAA, and that "[a]gencies are to implement those of SCRA's requirements described in terms generally used for judicial proceedings via analogous agency proceedings," is insufficient to state a plausible claim that PHEAA's servicing of Captain Wellisch's loans was subject to §§ 3932 and 3933. FAC ¶ 44. Despite the Court's directive to Captain Wellisch to add factual allegations in support of his claim that PHEAA acted as a court or agency when it performed its function as a loan servicer—or initiated a "judicial or administrative proceeding" against him that entitled him to relief analogous to a stay—Captain Wellisch fails to allege facts rendering his SCRA claim plausible. *See* 50 U.S.C. § 3912.

6

For the foregoing reasons, as well as those discussed in the Prior Order, Captain Wellisch has not stated a claim for relief under the SCRA. Accordingly, PHEAA's motion to dismiss the fifth cause of action for violations of the SCRA is GRANTED WITHOUT LEAVE TO AMEND.

### ii. Declaratory Relief

The FAC includes a claim for declaratory relief against PHEAA, based on two separate grounds: (1) Captain Wellisch's entitlement to declaratory relief pursuant to SCRA § 4042(a); and (2) the existence of an actual controversy between Captain Wellisch and PHEAA concerning their respective rights and duties. *See* FAC ¶¶ 25-28. The Court addresses each in turn.

Section 4042(a) of the SCRA provides in relevant part that "[a]ny person aggrieved by a violation of this chapter may in a civil action – (1) obtain any appropriate equitable or declaratory relief with respect to the violation." 50 U.S.C. § 4042 (a)(1) (West). Captain Wellisch alleges that due to the several violations of the SCRA alleged in the FAC, he wishes to invoke his right to declaratory relief. FAC ¶ 26. The Court finds that the declaratory relief claim based on SCRA violations is deficient for the same reasons discussed above regarding Captain Wellisch's failure to allege facts to support his fifth cause of action for SCRA violations. Because Captain Wellisch has failed to plausibly allege that PHEAA's servicing of his student loans was a "civil action or proceeding," he has not stated a claim against PHEAA for violations of §§ 3932 and 3933, and is not entitled to declaratory relief pursuant to § 4042(a).

With respect to the alleged "actual controversy," Captain Wellisch alleges that PHEAA has denied (1) Captain Wellisch's right under the SCRA and CMVC to affect a stay in the determination of his eligibility for IBR; (2) that PHEAA is an agency subject to the SCRA's jurisdiction under 50 U.S.C. § 3912 (a), and that under §§ 3912 (b) and (c) determinations made by PHEAA affecting Captain Wellisch's rights are proceedings to which relevant sections of SCRA are applicable; (3) that PHEAA cannot participate in any litigation activities in California due to forfeiture of its rights, as a previously registered foreign corporation that incurred such penalties for its failure to comply with filing and tax obligations; and (4) that Defendant Preston, as PHEAA's chief executive, can be subject to an injunction as necessary to avoid violation of federal law. *See* FAC ¶ 27(a)-(d).

As discussed above, the Court finds that Captain Wellisch has not adequately pled his right to a stay under the SCRA, and therefore this is not a valid basis for declaratory relief.[4] Similarly, Captain Wellisch has not alleged facts to support his claim that PHEAA's determinations affecting his rights are applicable "proceedings" under the SCRA, and declaratory relief is inappropriate on these grounds as well. As to whether PHEAA may litigate in California due to "forfeiture of its rights," the Court has already resolved this issue *twice*. *See* ECF 31, 52. After a hearing and briefing on the matter, the Court rejected outright Captain Wellisch's argument that PHEAA is legally barred from taking any litigation action as a suspended corporation. *Id.* The Court now determines for the third time that PHEAA can properly litigate this action because it does not conduct business within California and is not required to be registered to do business there. Captain Wellisch's attempt to use this previously rejected argument as a basis for declaratory relief is unavailing.

Finally, Captain Wellisch's declaratory relief claim based on whether Preston can be subject to an injunction as PHEAA's chief executive fails for the reasons discussed below in connection with Preston's motion to dismiss —including the obvious issue that the declaratory relief claim in the FAC is not actually alleged against Preston. *See* FAC ¶¶ 25-28.

For the foregoing reasons, PHEAA's motion to dismiss the first cause of action for declaratory relief is GRANTED IN PART WITHOUT LEAVE TO AMEND. The Court finds that Captain Wellisch has not stated a federal claim against Defendants upon which declaratory relief can be granted. However, for the reasons discussed below regarding the exercise of supplemental jurisdiction over the state law claims, the Court declines to rule on whether Captain Wellisch is entitled to declaratory relief based on violations of the CMVC or other state law.

**B.      Preston's Motion to Dismiss**

Turning to Preston's motion to dismiss, the Court finds that the FAC still fails to allege a plausible claim that Preston is personally liable for PHEAA's acts related to the servicing of

---

[4] For the reasons discussed below regarding Captain Wellisch's state law claims, the Court declines to exercise jurisdiction over the state law claims—including whether Captain Wellisch is entitled to declaratory relief for alleged violations of the CMVC or other state law.

Captain Wellisch's student loans. The FAC only refers to Preston twice: once to identify him as the President and CEO of PHEAA (FAC ¶ 7) and again in a conclusory allegation that as PHEAA's chief executive, Preston "can be subject to an injunction as necessary to avoid violation of federal law." FAC ¶ 27(d). Despite this latter reference to Preston in Captain Wellisch's first cause of action for declaratory relief, the only claim brought against Preston is the fifth cause of action pursuant to the SCRA. FAC ¶¶ 42-48. Other than these sparse allegations, Captain Wellisch groups the Defendants together and fails to allege any facts permitting the Court to infer that Preston is personally liable for any of PHEAA's alleged actions or inactions.

Despite being ordered to do so in the Court's Prior Order, Captain Wellisch has not set forth facts regarding Preston's allegedly unlawful conduct. *See* Prior Order at 7. The FAC alleges nothing more than that Preston was the President and CEO of PHEAA, which is insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678 (2009) (holding that a claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Twombly*, 550 U.S. at 570). In any event, the above analysis with respect to Captain Wellisch's SCRA claim against PHEAA applies equally to Captain Wellisch's SCRA claim against Preston. Moreover, without factual allegations or valid claims asserted against Preston, Captain Wellisch has not alleged an "actual controversy" as to whether Preston "can be subject to an injunction as necessary to avoid violation of federal law." FAC ¶ 27(d).

Accordingly, Preston's motion to dismiss the FAC is GRANTED WITHOUT LEAVE TO AMEND.

### C. Leave to Amend

Having determined that Captain Wellisch's SCRA and declaratory relief claims based thereon are subject to dismissal, the Court considers whether leave to amend is warranted. The Court does not deny leave to amend lightly. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court finds no undue delay or bad faith. However, despite the Court's Prior Order dismissing the original complaint with extensive guidance regarding amendment, Captain Wellisch still has not alleged plausible claims under the SCRA or against Preston. Moreover, although Captain Wellisch added the claim for declaratory relief to the FAC, it is based on allegations and arguments that the Court has previously rejected. After two motions to dismiss, the Court finds that Captain Wellisch has failed to cure the previously identified deficiencies by amendment and further leave to amend the dismissed claims would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (finding that a plaintiff's failure to correct identified deficiencies in an amended pleading "is a strong indication that the plaintiffs have no additional facts to plead."); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended."). The Court also finds that Defendants—and Preston in particular—would be prejudiced by further amendment as they have already prevailed on their arguments to dismiss the federal claims asserted against them and Captain Wellisch has completely failed to articulate any cognizable claim against Preston in his personal capacity.

Weighing the *Foman* factors, the Court finds that Captain Wellisch's claim for violations of the SCRA against PHEAA and Preston, as well as the declaratory relief claim based thereon, shall be DISMISSED WITHOUT LEAVE TO AMEND.

### D. Remaining State Law Claims

PHEAA also moves to dismiss Captain Wellisch's state law claims. However, the Court has dismissed all of Captain Wellisch's federal claims with prejudice. Thus, there is no longer a basis for original jurisdiction in this Court. PHEAA removed the case based on the SCRA claim. ECF 1 ¶ 9. In denying Captain Wellisch's motion to remand earlier in this case, the Court concluded that it had subject matter jurisdiction over this action based solely on the federal SCRA claim. ECF 31 at 5; *see also* Prior Order at 3 (finding that the SCRA allegations provide the basis for this Court's jurisdiction).

In this situation, it is within the Court's discretion whether to exercise supplemental

jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction"); *see also Carlsbad Tech., Inc. v. HIF BIO, Inc.,* 556 U.S. 635 (2009); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 557 (10th Cir.2000).

Here, the Court finds that because the federal claims have been eliminated at the pleading stage, and all the remaining claims are state law claims, it is in the interests of judicial economy, convenience, fairness, and comity to remand the remaining claims. The Court perceives no reason why the remaining state law claims in the FAC should be litigated in federal court, particularly in light of PHEAA's res judicata argument that is based on the state court's determination of Captain Wellisch's MIL 010 Petition. *See* PHEAA Mot. at 10-11. The early stage of these proceedings, with trial scheduled nearly two years away in February 2020, further supports remanding the remaining state law claims. The Court also finds that remand will not impair either party's rights. Accordingly, in the exercise of its discretion, the Court declines to retain supplemental jurisdiction over Captain Wellisch's remaining state law claims against PHEAA and hereby REMANDS this action to Monterey County Superior Court.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) PHEAA's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Captain Wellisch's fifth cause of action for violations of the SCRA and his first cause of action for declaratory relief based thereon;

(2) Preston's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND;

(3) The remaining claims in this litigation are state law claims asserted against PHEAA. Accordingly, the Court declines to exercise supplemental jurisdiction and REMANDS this case to Monterey County Superior Court;

(4) The Clerk shall close the file.

Dated: June 1, 2018

_____
BETH LABSON FREEMAN
United States District Judge